## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**<br>**100 F. Street, NE**<br>**Washington, D.C. 20549,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **COMPLAINT** |
| | : | |
| **v.** | : | **07 Civ. No. _____** |
| | : | **(_____)** |
| **THE DOW CHEMICAL COMPANY**<br>**2030 Dow Center**<br>**Midland, MI 48674,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

Plaintiff, Securities and Exchange Commission (the "Commission"), alleges as follows:

### SUMMARY

1.     The Commission seeks the imposition of a civil penalty against Defendant The Dow Chemical Company ("Defendant" or "Dow").

2.     This matter involves Dow's violations of the books and records and internal controls provisions of the Foreign Corrupt Practices Act ("FCPA") through numerous improper payments made by DE-Nocil Crop Protection Ltd. ("DE-Nocil"), a fifth-tier subsidiary of Dow, from 1996 to 2001, to Indian government officials to register several agro-chemical products slated for marketing in time for India's growing season. DE-Nocil paid an estimated $200,000 in improper payments and gifts to Indian government officials at the state and federal levels. None of these payments were accurately reflected in Dow's books and records. Additionally, Dow's system of internal accounting controls failed to prevent the payments.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa].

## DEFENDANT

4.      Dow is a Delaware Corporation with corporate headquarters in Midland, Michigan, that manufactures and sells chemicals, plastic materials, agricultural and other specialized products and services. Its common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is listed on the New York Stock Exchange.

## OTHER RELEVANT ENTITIES

5.      During the time period 1996 to 2001, DE-Nocil, headquartered in Mumbai, India, was a fifth-tier subsidiary of Dow that manufactured and marketed pesticides and other products primarily for use in the Indian agriculture industry. DE-Nocil was established in 1994 as a joint venture when a majority-owned Dow subsidiary, DowElanco, acquired a 51% ownership interest in the agro-chemicals business of a local Indian company, National Organic Chemicals Industry Ltd. ("Nocil") owned by a prominent Indian family. In 1997, DowElanco became a wholly-owned subsidiary of Dow and was re-named Dow AgroSciences LLC ("DAS"), a Delaware limited liability company. As of March 2001, DAS' stake in DE-Nocil was 75.7%. On January 13, 2005, Dow attained 100% ownership of DE-Nocil, and on March 31, 2005, DE-Nocil changed its name to Dow AgroSciences India Pvt. Ltd.

I.     **FACTS**

A.     **The Indian Government Regulatory Framework Affecting DE-Nocil**

6.     Before it could market its products in India, DE-Nocil was required by Indian law to obtain government registration for its products. This process involved registration both at the federal and state levels. At the federal level, the principal regulator was an agency called the Central Insecticides Board ("CIB"). The CIB was comprised of twenty-nine officials charged with examining safety and health issues related to agricultural chemicals. Within the CIB was a Registration Committee composed of six persons that recommended whether to grant registrations and when they would be granted. A key member of the Registration Committee (the "CIB Official") held considerable influence within the Committee. He was able to determine if and when a company's agricultural chemical product would be registered and, in fact, the CIB Official would refuse or delay registrations unless he received financial payments. This individual left the CIB in 2000. Dow is not aware of any similar requests made by CIB officials after the CIB Official left.

7.     In addition to the CIB, there were a number of state government officials in India that had some regulatory and enforcement authority regarding agro-chemical businesses like DE-Nocil. These included "licensing officers" in each state, whose approval was necessary for producing, warehousing and selling product in a particular state. The state officials also included inspectors, 30,000 to 40,000 in number, who could prevent the sale of a product by drawing samples and falsely claiming that the samples were misbranded or mislabeled. Misbranding or mislabeling carried significant potential penalties. Companies could challenge accusations of misbranding or mislabeling in court. However, rather than face a suspension in sales of products caused by the false accusations, companies would make petty cash payments to state inspectors.

**B.     DE-Nocil's Improper Payment Practice and Improper Accounting**

8.     DE-Nocil's commercial vice-president, who later became a consultant to DE-Nocil, and DE-Nocil's technical development leader, developed an improper payment practice to facilitate the registration of DE-Nocil's products to the CIB.  The practice involved directing improper payments to the CIB Official through the use of consultants and unrelated companies.

9.     Beginning in 1996, DE-Nocil personnel began accumulating funds off DE-Nocil's books to be available to pay the CIB Official contemporaneously with DE-Nocil's product registration applications.  DE-Nocil personnel enlisted one of DE-Nocil's contractors, an Indian product formulator that mixed and packaged products for DE-Nocil, to accumulate funds on DE-Nocil's behalf.  The contractor, through agreement with DE-Nocil, added fictitious charges called "incidental charges" on its bills to DE-Nocil.  The contractor agreed to accumulate and segregate the funds representing these "incidental charges" and to disburse these funds as directed by DE-Nocil.  When needed, DE-Nocil contacted the contractor and asked it to disburse funds to third party "consultants" who delivered the funds to the CIB Official.  DE-Nocil made approximately $20,000 in improper payments to the CIB Official through this contractor.

10.     DE-Nocil also made an improper payment to the CIB Official through a second contractor, which was also one of DE-Nocil's product formulators.  In this case, the second contractor, through an agreement with DE-Nocil, issued DE-Nocil a false invoice for $12,000 in capital equipment.  DE-Nocil paid the contractor the $12,000, which was then delivered to the CIB Official.  The payment was authorized by DE-Nocil's Managing Director.

11.     None of the payments that were ultimately made to the CIB Official were properly recorded in DE-Nocil's books.  The payments resulted in the expedited registration of three DE-Nocil products: "Pride (NI-25)," "Nurelle-D," and "Dursban 10G," products which

used active ingredients that were widely used, and registered by Dow or other pesticide manufacturers, in other countries, including the United States. As a result of the expedited registrations, Dow estimated that DE-Nocil generated $435,000 in direct operating margin from the accelerated sales of these products, 75.7% (or $329,295) of which, based on Dow's ownership interest, went to Dow.

12.     DE-Nocil also made improper payments at the state level. DE-Nocil routinely used money from petty cash to pay state officials in order to distribute and sell its products. These payments were transmitted to state officials through DE-Nocil's distributors in the field. Although the payments were in small amounts – well under $100 per payment – the payments were numerous and frequent. Dow estimates that from 1996 to 2001, $87,400 in payments were made to state inspectors and other state officials. None of these payments were properly recorded in DE-Nocil's books.

13.     In sum, over a six-year period, DE-Nocil distributed an estimated $200,000 in improper payments through federal and state channels. An independent auditor retained by Dow identified approximately $75,600 of payments and, through a process of extrapolation, estimated an additional $125,000, for a total of approximately $200,000. From this amount, an estimated $39,700 was used by DE-Nocil to register its products and an estimated $87,400 was paid to state level agriculture inspectors. The remainder of improper payments consisted of an estimated: $37,600 for gifts, travel, entertainment and other items; $19,000 to government officials; $11,800 to sales tax officials; $3,700 to excise tax officials; and $1,500 to customs officials. The payments were made without knowledge or approval of any Dow employee.

**C.    Dow's Internal Investigation**

14.    Dow conducted an internal investigation of DE-Nocil and, upon its completion, voluntarily approached Commission staff and presented the results.  Dow also undertook certain remedial actions relating to the DE-Nocil matter, including employee disciplinary actions.  Dow retained an independent auditor to conduct a forensic audit of the books and records and internal controls at DE-Nocil; reported its internal investigation to the Audit Committee of the Board of Directors; and provided FCPA compliance training to employees at DE-Nocil, as well as to employees at DAS.  In addition to the remedial actions relating to DE-Nocil, Dow restructured its global compliance program; improved and expanded FCPA compliance training for employees of Dow and its subsidiaries worldwide; trained its internal auditors to recognize FCPA issues; and joined a non-profit association specializing in anti-bribery due diligence that, among other things, screens potential partners and other third parties that work with multinational corporations and provides FCPA training to them.  Dow also hired an independent consultant to review and assess its FCPA compliance program.

## CLAIM

**Violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act**
**[15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)]**

15.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above.

16.    Section 13(b)(2)(A) of the Exchange Act requires public companies to make and keep books, records, and accounts that accurately and fairly reflect the transactions and dispositions of their assets.  Section 13(b)(2)(B) of the Exchange Act requires public companies to devise and maintain a system of internal controls sufficient to provide reasonable assurances that, among other

things, transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles ("GAAP") and to maintain the accountability of assets.

17.      From at least 1996 to 2001, DE-Nocil's books, records and accounts did not, in reasonable detail, accurately reflect its transactions and disposition of assets, and DE-Nocil failed to take steps to ensure that its employees and consultants complied with the FCPA and to ensure that the payments it made to Indian Government officials were accurately reflected in its books and records.

18.      By reason of the foregoing, Dow violated Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter a judgment directing Defendant The Dow Chemical Company to pay a civil penalty in the amount of $325,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

Dated:  February 13, 2007

Respectfully submitted,

_C. Joshua Felker_

Cheryl J. Scarboro
C. Joshua Felker (D.C. Bar No. 426154)
Deborah A. Tarasevich (D.C. Bar No. 434337)
Devon A. Brown

Attorneys for Plaintiff
Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20549
(202) 551-4960  (Felker)

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission | The Dow Chemical Company |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Midland County, MI
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

C. Joshua Felker
Division of Enforcement
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C.  20549
(202) 551-4960

```
CASE NUMBER   1:07CV00336

JUDGE: Ricardo M. Urbina

DECK TYPE: General Civil

DATE STAMP: 02/13/2007
```

### II.  BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◉ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil |
|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☒ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

15 U.S.C. Sections 78m(b)(2)A & 78m(b)(2)B -- Securities Exchange Act of 1934 -- Books and records, and internal control, provisions

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE  February 13, 2007   SIGNATURE OF ATTORNEY OF RECORD  *Charles John Felker*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT. (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE DOW CHEMICAL COMPANY,

Defendant.

O7 Civ. No. _____

(_____)

## CONSENT OF DEFENDANT THE DOW CHEMICAL COMPANY

1.     Defendant The Dow Chemical Company ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things:

(a)     orders Defendant to pay a civil penalty in the amount of $325,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)].

3.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.     Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

9.      Defendant agrees to pay a civil penalty in the amount of $325,000 pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. 78u(d)(3)] within twenty (20) business days after entry of this Final Judgment. The payment should be made by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission." The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying The Dow Chemical Company as a Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall contemporaneously provide a copy of the letter to: C. Joshua Felker, Securities and Exchange Commission, 100 F. Street, N.E., Washington, D.C. 20549.

10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:  December 20, 2006

_____
Charles J. Kalil
Corporate Vice President, General Counsel and
Corporate Secretary
THE DOW CHEMICAL COMPANY


On _December 20_, 2006, _Charles J. Kalil_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


_____
Notary Public
Commission expires:

CAROL J. SNIEGOWSKI
NOTARY PUBLIC, STATE OF MI
COUNTY OF MIDLAND
MY COMMISSION EXPIRES Sep 27, 2012
ACTING IN COUNTY OF _Midland_


Approved as to form:

_____
David S. Krakoff, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C.  20006-1101
(202) 263-3000
Attorney for Defendant


4



**The Dow Chemical Company**
Midland, Michigan 48674
USA

## CERTIFIED RESOLUTION

<u>Settlement with the Securities and Exchange Commission Regarding the DE-Nocil Matter</u>

RESOLVED: That Charles J. Kalil, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and make the offer of settlement of The Dow Chemical Company, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

RESOLVED: That Charles J. Kalil, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and enter into the Consent of The Dow Chemical Company, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

### Certification

I, Thomas E. Moran, Assistant Secretary of The Dow Chemical Company (the "Company"), do hereby certify that the foregoing is a full, true and correct copy of a resolution adopted at a meeting of the Board of Directors of the Company, held at the offices of the Company in Midland, Michigan, on the 14th day of December, 2006 at which meeting a quorum of the Board of Directors was present, and that, as of the date below, such resolution has not been revoked, annulled or modified in any manner whatsoever, and is in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the Company this 18th day of December, 2006.

Thomas E. Moran, Assistant Secretary

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE DOW CHEMICAL COMPANY,

Defendant.

07 Civ. No. _____
(___)

# FINAL JUDGMENT AS TO DEFENDANT
# THE DOW CHEMICAL COMPANY

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") having filed a

Complaint and Defendant The Dow Chemical Company ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this

action; consented to entry of this Final Judgment without admitting or denying the allegations of

the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay a civil penalty in the amount of $325,000 pursuant to Exchange Act Section 21(d)(3)

[15 U.S.C. 78u(d)(3)] within twenty (20) business days after entry of this Final Judgment. The

payment should be made by certified check, bank cashier's check, or United States postal money

order payable to the "Securities and Exchange Commission." The payment shall be delivered or

mailed to the Office of Financial Management, Securities and Exchange Commission,

Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and

shall be accompanied by a letter identifying The Dow Chemical Company as a Defendant in this

action; setting forth the title and civil action number of this action and the name of this Court;

and specifying that payment is made pursuant to this Final Judgment.  Defendant shall

contemporaneously provide a copy of the letter to:  C. Joshua Felker, Securities and Exchange

Commission, 100 F. Street, N.E., Washington, D.C. 20549.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE DOW CHEMICAL COMPANY,

Defendant.

07 Civ. No. _____
( __ )

## FINAL JUDGMENT AS TO DEFENDANT
## THE DOW CHEMICAL COMPANY

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") having filed a Complaint and Defendant The Dow Chemical Company ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $325,000 pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. 78u(d)(3)] within twenty (20) business days after entry of this Final Judgment. The payment should be made by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission." The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission,

Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and

shall be accompanied by a letter identifying The Dow Chemical Company as a Defendant in this

action; setting forth the title and civil action number of this action and the name of this Court;

and specifying that payment is made pursuant to this Final Judgment.  Defendant shall

contemporaneously provide a copy of the letter to:  C. Joshua Felker, Securities and Exchange

Commission, 100 F. Street, N.E., Washington, D.C. 20549.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: _____, _____


_____
UNITED STATES DISTRICT JUDGE

2